UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MATTHEW SHAFFER
Darlington, PA 16115,

RALPH FLYNN
Knoxville, PA 16928,                                                **ANSWER**

PETER ROBBINS,                                                      Case No.: 1:24-cv-01123-LJV
State College, PA 16803,

CHARLES POMPEY,
Roaring Brook Township, PA 18436, *and*

FIREARMS POLICY COALITION, INC.,
550 Painted Mirage Road, Suite 320
Las Vegas, Nevada 89149,

                          Plaintiffs,

          -against-

JAMES B. QUATTRONE, in his official capacity as
Sheriff of Chautauqua County,
15 E. Chautauqua Street, Mayville, NY 14757

JUDITH M. HUNTER, in her official capacity as
County Clerk of Stueben County,
3 East Pulteney Square, Bath, NY 14810,

GARY W. HOWARD, in his official capacity as
Sheriff of Tioga County,
103 Corporate Drive, Owego, NY 13827,

PAUL ARTETA, in his official capacity as
Sheriff of Orange County,
110 Wells Farm Road, Goshen, NY 10924, *and*

STEPHEN G. JAMES, in his official capacity as
Superintendent of the New York State Police,
1220 Washington Avenue, Building 22, Albany, NY 12226,

                          Defendants.
------------------------------------------------------------------X

Defendants Paul Arteta ("Arteta") and Orange County (collectively the "Orange County Defendants"), by and through their attorney RICHARD B. GOLDEN, County Attorney for Orange County, herein submit their Answer to the First Amended Complaint ("FAC") of the plaintiffs and state that the Orange County Defendants deny that they are "responsible for enforcing state laws and/or their policies, practices, and customs in a manner that infringes the constitutional right of law-abiding, peaceable citizens of the United States – but who are not residents of New York – to bear arms in New York for defense of themselves and their families and for other lawful purposes," and further allege as follows:

1.      Neither admit nor deny the allegations stated in paragraph 1 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the Second Amendment to the United States Constitution for a complete and accurate statement of its contents and refers all matters of law to the Court.

2.      Neither admit nor deny the allegations stated in paragraph 2 of the FAC as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refers all matters of law to the Court.

3.      Neither admit nor deny the allegations stated in paragraph 3 of the FAC as they state conclusions of law which call for no response and refer the Court to the statute and decisions cited therein for a complete and accurate statement of their contents and refers all matters of law to the Court.

4.      Neither admit nor deny the allegations stated in paragraph 4 of the FAC as they state conclusions of law which call for no response and refers the Court to the statute cited

therein for a complete and accurate statement of its contents and refers all matters of law to the Court.

5.    Deny the allegations set forth in paragraph 5 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the FAC as to the other defendants and neither admit nor deny the remaining allegations stated in paragraph 5 of the FAC as they state conclusions of law which call for no response and refer the Court to the statute cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

6.    Deny the allegations set forth in paragraph 6 of the FAC as to the Orange County Defendants, and neither admit nor deny the remaining allegations stated in paragraph 6 of the FAC, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the FAC as to the other defendants and neither admit nor deny the remaining allegations set forth in paragraph 6 of the FAC as they state conclusions of law which call for no response and refer the Court to the statute and decisions cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

7.    Deny the allegations set forth in paragraph 7 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the FAC as to the other defendants and neither admit nor deny the remaining allegations set forth in paragraph 7 of the FAC as they state conclusions of law which call for no response and refer the Court to the statute and decisions cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

8.    Deny the allegations set forth in paragraph 8 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations set forth in paragraph 8 of the FAC as to the plaintiffs and other defendants and neither admit nor deny the remaining allegations set forth in paragraph 8 of the FAC as they state conclusions of law which call for no response and refer the Court to the statute and decisions cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

9.      Neither admit nor deny the allegations stated in paragraph 9 of the FAC as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

10.     Neither admit nor deny the allegations stated in paragraph 10 of the FAC as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refers all matters of law to the Court.

11.     Neither admit nor deny the allegations stated in paragraph 11 of the FAC as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refers all matters of law to the Court.

12.     Deny the allegation set forth in paragraph 12 of the FAC that the Orange County Defendants have or had a "non-Resident Ban," deny knowledge or information sufficient to form a belief as to the truth or falsity of that allegation as to the other defendants and neither admit nor deny the remaining allegations stated in paragraph 12 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the Second and Fourteenth

Amendments to the United States Constitution and Article IV of same for a complete and accurate statement of their contents and refers all matters of law to the Court.

13. Neither admit nor deny the allegations stated in paragraph 13 of the FAC as they state conclusions of law which call for no response and refer the Court to the statutes cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

14. Neither admit nor deny the allegation stated in paragraph 14 of the FAC as it states a conclusion of law which calls for no response and refer the Court to the statute cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

15. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the FAC and refer all matters of law to this Court.

16. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the FAC and refer all matters of law to this Court.

17. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the FAC and refer all matters of law to this Court.

18. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the FAC and refer all matters of law to this Court.

19. Deny the allegations set forth in paragraph 19 as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 19 of the FAC as to the plaintiffs and other defendants and refer all matters of law to this Court.

20.    Deny the allegations set forth in paragraph 20 as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 19 of the FAC as to the plaintiffs and other defendants and refer all matters of law to this Court.

21.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the FAC.

22.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the FAC and refer all matters of law to this Court.

23.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the FAC except admit that based upon public records Defendant Quattrone appears to be the Sheriff of Chautauqua County and is being sued in his official capacity and respectfully refers the court to the statutes cited therein for a complete and accurate statement of their contents and refers all matters of law to the Court.

24.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the FAC.

25.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the FAC and refer all matters of law to this Court, except admit that Chautauqua County is a municipality within the State of New York.

26.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the FAC.

27.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the FAC except admit that based upon public records Defendant Hunter appears to be the County Clerk of Steuben County and is being

sued in her official capacity and respectfully refers the court to the statutes cited therein for a complete and accurate statement of their contents and refers all matters of law to the Court.

28.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the FAC.

29.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29 of the FAC and refer all matters of law to this Court, except admit that Steuben County is a municipality within the State of New York.

30.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the FAC.

31.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the FAC except admit that based upon public records Defendant Howard appears to be the Sheriff of Tioga County and is being sued in his official capacity and respectfully refers the court to the statutes cited therein for a complete and accurate statement of their contents and refers all matters of law to the Court.

32.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 32 of the FAC.

33.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the FAC and refer all matters of law to this Court, except admit that Tioga County is a municipality within the State of New York.

34.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the FAC.

35.     Deny the allegations set forth in paragraph 35 of the FAC except admit that Defendant Arteta is the Sheriff of Orange County, is being sued in his official capacity, and his

Office transmits applications to County Court for Orange County for issuance or denial of firearm licensing permits, and respectfully refers the court to the statutes cited therein for a complete and accurate statement of their contents and refers all matters of law to the Court.

36.    Deny the allegations set forth in paragraph 36 of the FAC.

37.    Deny the allegations set forth in paragraph 37 of the FAC and refer all matters of law to this court, except admit that Orange County is a municipality within the State of New York.

38.    Deny the allegations set forth in paragraph 38 of the FAC.

39.    Neither admit nor deny the allegations stated in paragraph 39 of the FAC as they state conclusions of law which call for no response and refer the Court to the statutes cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

40.    Deny the allegations set forth in paragraph 40 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations set forth in paragraph 40 of the FAC as to the other defendants and neither admit nor deny the remaining allegations in paragraph 41 as they state conclusions of law which call for no response and refer all matters of law to the Court.

41.    Deny the allegations set forth in paragraph 41 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the  allegations set forth in paragraph 40 of the FAC as to the plaintiffs and other defendants and refer all matters of law to this Court and neither admit nor deny the remaining allegations in paragraph 41 as they state conclusions of law which call for no response and refer all matters of law to the Court.

42.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the FAC.

43.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 of the FAC.

44.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 44 of the FAC.

45.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 of the FAC.

46.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 of the FAC.

47.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of the FAC.

48.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of the FAC.

49.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the FAC.

50.    Deny the allegations set forth in paragraph 50 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 50 of the FAC concerning the Individual Plaintiffs and neither admit nor deny the remaining allegations set forth in paragraph 50 as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

51.    Neither admit nor deny the allegations set forth in paragraph 51 of the FAC as they state conclusions of law which call for no response and refer all matters of law to the Court. To the extent a response is required, the Orange County Defendants deny the allegations set forth in paragraph 51 of the FAC that they have taken any actions, including any threats of criminal charges against, or the refusal to accept applications for concealed carry or other firearms licenses, against the Individual Plaintiffs.

## AS TO COUNT ONE OF THE CLAIMS FOR RELIEF

52.    As to paragraph numbered 52, the Orange County Defendants repeat and reallege each and every response to the allegations stated or contained in the above paragraphs numbered "1" through "51" inclusive, with the same force and effect as though more fully set forth at length herein.

53.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the FAC.

54.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 of the FAC.

55.    Deny the allegations set forth in paragraph 55 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of the FAC as to the other defendants and neither admit nor deny the remaining allegations set forth in paragraph 55 as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

56.    Deny the allegations set forth in paragraph 56 of the FAC.

57.     Neither admit nor deny the allegations stated in paragraph 57 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the Second and Fourteenth Amendments to the United States Constitution and the decision cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

58.     Neither admit nor deny the allegations set forth in paragraph 58 of the FAC as they state conclusions of law which call for no response and refer all matters of law to the Court.

59.     Deny the allegations set forth in paragraph 59 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of the FAC as to the other defendants and neither admit nor deny the remaining allegations set forth in paragraph 59 as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

60.     Deny the allegations set forth in paragraph 60 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of the FAC as to the other defendants and neither admit nor deny the remaining allegations stated in paragraph 60 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the Second and Fourteenth Amendments to the United States Constitution and the decision cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

61.     Neither admit nor deny the allegations set forth in paragraph 61 of the FAC as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refers all matters of law to the Court.

62.    Deny the allegation set forth in paragraph 62 of the FAC as to the Orange County Defendants regarding the alleged burden, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 62 of the FAC as to the other defendants' alleged burden and neither admit nor deny the remaining allegations set forth in paragraph 62 of the FAC as they state conclusions of law which call for no response and refer the Court to the decision cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

63.    Deny the allegation set forth in paragraph 63 of the FAC as to the Orange County Defendants regarding the alleged burden, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 63 of the FAC as to the other defendants' alleged burden and neither admit nor deny the remaining allegations stated in paragraph 63 of the FAC that state conclusions of law which call for no response and refer all matters of law to the Court.

64.    Neither admit nor deny the allegations set forth in paragraph 64 of the FAC as they state conclusions of law which call for no response and refer the Court to the statute and decision cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

65.    Deny the allegations set forth in paragraph 65 of the FAC as to the Orange County Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 of the FAC as to the other defendants.

66.    Deny the allegations as to the Orange County Defendants individually or collectively, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 of the FAC as to other defendants.

67.    Deny the allegations set forth in paragraph 68 of the FAC.

## AS TO COUNT TWO OF THE CLAIMS FOR RELIEF

68.    As to paragraph numbered 68, the Orange County Defendants repeat and reallege each and every response to the allegations stated or contained in the above paragraphs numbered "1" through "67" inclusive, with the same force and effect as though more fully set forth at length herein.

69.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 of the FAC.

70.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 of the FAC.

71.    Deny the allegations set forth in paragraph 71 of the FAC, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 71 of the FAC as to the other defendants.

72.    Deny the allegations set forth in paragraph 72 of the FAC.

73.    Neither admit nor deny the allegations stated in paragraph 73 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the Second and Fourteenth Amendments to the United States Constitution and the decision cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

74.    Neither admit nor deny the allegations set forth in paragraph 74 of the FAC as they state conclusions of law which call for no response and refer all matters of law to the Court.

75.    Deny the allegations set forth in paragraph 75 as to the Orange County Defendants, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 75 of the FAC as to the other defendants.

76.    Deny the allegations set forth in paragraph 76 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 76 of the FAC as to the other defendants and neither admit nor deny the remaining allegations stated in paragraph 76 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the Second and Fourteenth Amendments to the United States Constitution and the decision cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

77.    Neither admit nor deny the allegations stated in paragraph 77 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the Second Amendment to the United States Constitution and the decision cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

78.    Deny the allegation set forth in paragraph 78 of the FAC as to the Orange County Defendants regarding the alleged burden, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 78 of the FAC as to the other defendants' alleged burden and neither admit nor deny the remaining allegations stated in paragraph 78 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the decision cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

79.    Deny the allegation set forth in paragraph 79 of the FAC as to the Orange County Defendants regarding the alleged burden, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 79 of the FAC as to the other defendants' alleged burden and neither admit nor deny the remaining allegations stated in

14

paragraph 79 of the FAC as they state conclusions of law which call for no response and refer all matters of law to the Court.

80.    Neither admit nor deny the allegations stated in paragraph 80 of the FAC as they state conclusions of law which call for no response and respectfully refer the Court to the statute and the decision cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

81.    Deny the allegations set forth in paragraph 81 of the FAC as to the Orange County Defendants individually or in concert with the other defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 81 of the FAC as to the other defendants and neither admit nor deny the remaining allegations stated in paragraph 81 of the FAC as they state conclusions of law which call for no response and refer all matters of law to the Court.

82.    Deny the allegations set forth in paragraph 82 of the FAC as to the Orange County Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 82 of the FAC as to the other defendants.

83.    Deny the allegations set forth in paragraph 83 of the FAC as to the Orange County Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 83 of the FAC as to the other defendants.

<u>**AS TO COUNT THREE OF THE CLAIMS FOR RELIEF**</u>

84.    As to paragraph numbered 84, the Orange County Defendants repeat and reallege each and every response to the allegations stated or contained in the above paragraphs numbered "1" through "83" inclusive, with the same force and effect as though more fully set forth at length herein.

85.     Neither admit nor deny the allegations set forth in paragraph 85 of the FAC as they state conclusions of law which call for no response and refer the Court to the constitutional provision cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the FAC regarding what the Founders and Framers understood, deny that the Federalist Papers constitute any law the violation thereof which is actionable under 42 U.S.C. § 1983 or otherwise, deny that the Federalist Papers envisioned the continuation of opportunistic fee driven lawsuits to achieve constitutional goals readily achievable otherwise, and refer the Court to the Federalist Papers for a complete and accurate statement of its contents and refers all matters of law to the Court.

87.     Neither admit nor deny the allegations stated in paragraph 87 of the complaint as they state conclusions of law which call for no response and refer the Court to the decisions cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

88.     Neither admit nor deny the allegations stated in paragraph 88 of the complaint as they state conclusions of law which call for no response and refer the Court to the decisions cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

89.     Neither admit nor deny the allegations stated in paragraph 89 of the complaint as they state conclusions of law which call for no response and refer the Court to the Second Amendment and the decisions cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

16

90.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 90 of the FAC.

91.     Deny the allegations set forth in paragraph 91 of the FAC as to the Orange County Defendants and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 91 of the FAC as to the other defendants.

92.     Deny the allegations set forth in paragraph 92 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 92 of the FAC as to the other defendants and neither admit nor deny the remaining allegations stated in paragraph 92 of the FAC as they state conclusions of law which call for no response and refer all matters of law to the Court.

93.     Neither admit nor deny the allegations stated in paragraph 93 of the FAC as they state conclusions of law which call for no response and refer the court to the statute and decision cited therein for a complete and accurate statement of their contents refer all matters of law to the Court.

94.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 94 of the FAC except, as to the Orange County Defendants, deny the allegations either individually or in concert with other Defendants.

95.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 95 of the FAC except, as to the Orange County Defendants, deny the allegations either individually or in concert with other Defendants.

96.     Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 96 of the FAC except, as to the Orange County Defendants, deny the allegations either individually or in concert with other Defendants.

### AS TO COUNT FOUR OF THE CLAIMS FOR RELIEF

97.    As to paragraph numbered 97, the Orange County Defendants repeat and reallege each and every response to the allegations stated or contained in the above paragraphs numbered "1" through "96" inclusive, with the same force and effect as though more fully set forth at length herein.

98.    Neither admit nor deny the allegations set forth in paragraph 98 of the FAC as they state conclusions of law which call for no response and refer the Court to the constitutional provision cited therein for a complete and accurate statement of its contents and refer all matters of law to the Court.

99.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 99 of the FAC regarding what the Founders and Framers understood, deny that the Federalist Papers constitute any law the violation thereof which is actionable under 42 U.S.C. § 1983 or otherwise, deny that the Federalist Papers envisioned the continuation of opportunistic fee driven lawsuits to achieve constitutional goals readily achievable otherwise, and refer the Court to the Federalist Papers cited therein for a complete and accurate statement of its contents and refers all matters of law to the Court.

100.    Neither admit nor deny the allegations stated in paragraph 100 of the FAC as they state conclusions of law which call for no response and refer the Court to the decisions cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

101.    Neither admit nor deny the allegations stated in paragraph 101 of the FAC as they state conclusions of law which call for no response and refer the Court to the decisions cited

therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

102.    Neither admit nor deny the allegations stated in paragraph 102 of the FAC as they state conclusions of law which call for no response and refer the Court to the Second Amendment and the decisions cited therein for a complete and accurate statement of their contents and refer all matters of law to the Court.

103.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 103 of the FAC.

104.    Deny the allegations set forth in paragraph 104 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 104 of the FAC as to the other defendants.

105.    Deny the allegations set forth in paragraph 105 of the FAC as to the Orange County Defendants, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 105 of the FAC as to the other defendants.

106.    Neither admit nor deny the allegations stated in paragraph 106 of the FAC as they state conclusions of law which call for no response and refer the court to the statute and decision cited therein for a complete and accurate statement of their contents neither admit nor deny the remaining allegations stated in paragraph 106 of the FAC as they state conclusions of law which call for no response and refer all matters of law to the Court.

107.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 107 of the FAC except, as to the Orange County Defendants, deny the allegations either individually or in concert with other Defendants.

108.   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 108 of the FAC except, as to the Orange County Defendants, deny the allegations either individually or in concert with other Defendants.

109.   Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 109 of the FAC except, as to the Orange County Defendants, deny the allegations either individually or in concert with other Defendants.

110.   The Orange County Defendants deny that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief.

111.   The Orange County Defendants deny each and every allegation set forth in the FAC not otherwise addressed above.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

112.   The FAC fails to state a claim against the County Defendants upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

113.   Plaintiffs' claims are barred on the grounds that the challenged statutory provisions did not infringe the right of Plaintiffs to keep and bear "arms" within the meaning of the Second Amendment.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

114.   Plaintiffs' claims are barred on the grounds that the challenged statutory provisions are "consistent with the nation's historical tradition of firearm regulation."

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

115.   The challenged statute can be constitutionally applied in at least some circumstances and has a plainly legitimate sweep.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

116.    Generally, any and all acts of the Orange County Defendants were reasonable, justified, and in accordance with applicable state and federal law, and the Orange County Defendants took no actions violative of the rights of any Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

117.    Some of plaintiffs' claims, in whole or in part, fail as to Defendant Arteta based on a lack of personal involvement as defendant Arteta is not the licensing officer pursuant to New York State Penal Law Section 400 and has no authority to, and does not, approve or disapprove pistol or other firearms permit applications.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

118.    Plaintiffs' injuries and/or damages, if any, were neither caused by, nor causally related to any action or omission of the Orange County Defendants.

## AS AND FOR AND EIGHTH AFFIRMATIVE DEFENSE

119.    Defendant Arteta is entitled to quasi-judicial immunity for any acts or omissions alleged as to him by Plaintiffs.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

120.    The Court lacks personal jurisdiction as to Defendant Arteta.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

121.    The alleged deprivation of Plaintiffs' constitutional rights was not done pursuant to a governmental custom, policy, practice, ordinance, regulation or decision of the County Defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

122.    At all times alleged by Plaintiffs, the Orange County Defendants acted within the scope of their discretionary authority and in good faith.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

123.    Pursuant to the Monell doctrine, the County cannot be held liable for the acts of its employees solely on the basis of respondeat superior in a 42 U.S.C. § 1983 action, or a 42 U.S.C. § 1981 action, and consequently the County cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

124.    Defendants are shielded from suit, in whole or in part, by the doctrines of absolute immunity, qualified immunity, common law immunity, or any combination of these doctrines.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

125.    The Orange County Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

126.    At all times relevant to the Complaint, Defendants acted lawfully, properly, without malice and in accordance with the Constitution and laws of the United States and the State of New York, and all applicable rules, regulations and procedures.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

127.    Plaintiffs failed to mitigate their alleged damages.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

128.    The FAC must be dismissed because there is no existing case or controversy sufficient to justify a declaratory judgment action or injunctive relief.

**WHEREFORE,** the Orange County Defendants respectfully request that the court enter judgment in their favor, dismissing all claims against them with prejudice, that they receive the costs and disbursements of this action, and that the Court grant such other and further relief as it deems just and proper.

Dated:  December 11, 2025

 

RICHARD B. GOLDEN
County Attorney for Orange County
Attorney for Orange County Defendants
255-275 Main Street
Goshen, New York 10924
(845) 291-3150

TO: (Counsel of record via ECF)