UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATTHEW SHAFFER, RAPLH FLYNN,
PETER ROBBINS, CHARLES POMPEY,
And FIREARMS POLICY COALITION, INC.,

       Plaintiff,

v.

JAMES B. QUATTRONE, in his official capacity
as Sheriff of Chautauqua County;
CHAUTAUQUA COUNTY,
JUDITH M. HUNTER, in her official capacity as
County Clerk of Steuben County;
STEUBEN COUNTY;
GARY W. HOWARD, in his official capacity as
Sheriff of Tioga County;
TIOGA COUNTY,
PAUL ARTETA, in his official capacity as
Sheriff of Orange County; and
ORANGE COUNTY,

       Defendants.

**ANSWER TO FIRST AMENDED COMPLAINT**

Case No.: 1:24-CV-01123

---

  Defendants, Judith M. Hunter, in her official capacity as County Clerk of Steuben County ("Defendant Hunter") and Steuben County (collectively, the "Steuben County Defendants"), by and through their attorneys Underberg & Kessler LLP, David H. Fitch, Esq., as and for their Answer to Plaintiffs' First Amended Complaint, state as follows:

  1.  With respect to the allegations contained in paragraphs 1, 2, 3, 4, 8, 9, 10, 11, 39, 57, 58, 61, 64, 73, 74, 77, 80, 85, 86, 87, 88, 89, 93, 98, 99, 100, 101, 102, and 106 of Plaintiffs' First Amended Complaint, the Steuben County Defendants deny those allegations on the ground that they call for a legal conclusion.

  2.  Denies the allegations as to facts contained in paragraphs 5, 6, 7, 12, 19, 20, 40, 41, 50, 51, 71, and of Plaintiffs' First Amended Complaint as they relate to the Steuben County

Defendants, but denies knowledge or information sufficient to form a belief as to the truth of the allegations referring or relating to other defendants. To the extent that the paragraphs make allegations of law, and not assertions of fact, no responses are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further deny any inference therein that the Steuben County Defendants violated any state or federal law, rule or regulation.

3. Denies the allegations as to facts contained in paragraphs 55, 59, 60, 62, 63, 65, 66, 91, 92, 94, and 95 of Plaintiffs' First Amended Complaint as they relate to Defendant Hunter, but denies knowledge or information sufficient to form a belief as to the truth of the allegations referring or relating to other defendants. To the extent that the paragraphs make allegations of law, and not assertions of fact, no responses are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further deny any inference therein that Defendant Hunter violated any state or federal law, rule or regulation.

4. Denies the allegations as to facts contained in paragraphs 71, 75, 76, 78, 79, 81, 82, 104, 105, 107, and 108 of Plaintiffs' First Amended Complaint as they relate to Steuben County, but denies knowledge or information sufficient to form a belief as to the truth of the allegations referring or relating to other defendants. To the extent that the paragraphs make allegations of law, and not assertions of fact, no responses are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further deny any inference therein that Steuben County violated any state or federal law, rule or regulation.

5. With respect to the allegations contained in paragraphs 13, 14, 15, 16, 17, 18, 45, and 46 of Plaintiffs' First Amended Complaint, the Steuben County Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations, but to the extent that the paragraphs make allegations of law, and not assertions of fact, no responses

are necessary, as the law applicable to this matter shall be determined by the Court at the time of trial, and further denies any inference therein that the Stueben County Defendants violated any state or federal law, rule or regulation.

6. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the factual allegations alleged in paragraphs 21, 22, 23, 24, 25, 26, 31, 32, 33, 34, 35, 36, 37, 38, 42, 43, 44, 47, 48, 49, 53, 54, 67, 69, 70, 83, 90, 96, 103, and 109 of Plaintiffs' First Amended Complaint.

7. With respect to the allegations contained in Plaintiffs' First Amended Complaint in paragraph 27, Defendant Hunter admits that she is the County Clerk of Steuben County, that the Steuben County Clerk's office serves as the administrative agent for the Steuben County firearms licensing officers (the Supreme and County Court justices and judges, Penal Law§ 265.00(10), and that Defendant Hunter may be served at 3 East Pulteney Square, Bath, New York 14810. Defendant Hunter denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that she is sued in her official capacity. Defendant Hunter further states regarding the remainer of the allegations contained in paragraph 27, Defendant Hunter denies those allegations on the ground that they call for a legal conclusion.

8. Deny the allegations contained in paragraphs 28, 30, 56, and 72 of Plaintiffs' First Amended Complaint.

9. Admit the allegation contained in paragraph 29 of Plaintiffs' First Amended Complaint.

10. In answering paragraphs 52, 68, 84, and 97 of the First Amended Complaint, the Steuben County Defendants repeat and reallege each and every admission or denial previously

made with regard to the allegations contained and/or referred to therein with the same force and effect as if said admissions and denials were herein again fully set forth.

11. The Steuben County Defendants demand a jury trial in this action.

12. The Steuben County Defendants deny any and all allegations not heretofore admitted, denied, or controverted.

### FIRST AFFIRMATIVE DEFENSE

13. Upon information and belief, Plaintiffs' claims are barred by the applicable statute of limitations and therefore must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

14. Upon information and belief, Plaintiffs' First Amended Complaint fails to state a cause of action against the Steuben County Defendants upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

15. Some of Plaintiffs' claims, in whole or in part, fail as to Defendant Hunter based on a lack of personal involvement as Defendant Hunter is not the licensing officer pursuant to New York State Penal Law Section 400 and has no authority to, and does not, approve or disapprove pistol or other firearms permit applications.

### FOURTH AFFIRMATIVE DEFENSE

16. Upon information and belief, Plaintiffs failed to mitigate their damages. Accordingly, the Steuben County Defendants' liability, if any, should be reduced by the amount of damages caused in any part by Plaintiffs' failure in that regard.

## FIFTH AFFIRMATIVE DEFENSE

17. Generally, any and all acts of the Steuben County Defendants were reasonable, justified, and in accordance with applicable state and federal law, and the Steuben County Defendants took no actions violative of the rights of any Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

18. Defendant Hunter asserts absolute immunity.

## SEVENTH AFFIRMATIVE DEFENSE

19. Plaintiffs' claims are barred on the grounds that the challenged statutory provisions did not infringe the right of Plaintiffs to keep and bear "arms" within the meaning of the Second Amendment.

## EIGHTH AFFIRMATIVE DEFENSE

20. Defendant Hunter is entitled to the qualified immunity afforded her in the adoption and carrying out of policies and official actions pursuant to the authority granted by New York State Law and the United States Constitution as, at all relevant times, Defendant Hunter acted in good faith compliance with all relevant constitutional and statutory law, committed no act infringing on any clearly established constitutional rights of Plaintiffs, nor did Defendant Hunter act with the required mental state for liability to attach, and thus Plaintiffs' claims are barred individually, and/or totally under the Qualified Good Faith Immunity Doctrine.

## NINTH AFFIRMATIVE DEFENSE

21. This Court lacks personal jurisdiction over Defendant Hunter.

## TENTH AFFIRMATIVE DEFENSE

22. Upon trial, it may appear that some or all of the damages claimed by Plaintiffs herein were brought about or contributed to by reason of the culpable conduct of Plaintiffs

themselves, including contributory negligence and/or assumption of the risk. If so, Plaintiffs' damages, if any, must be diminished by the proportion that Plaintiffs' culpable conduct or assumption of the risk bears to the culpable conduct and/or assumption of the risk which caused the damages.

## ELEVENTH AFFIRMATIVE DEFENSE

23. Plaintiffs have not been deprived of any cognizable federally guaranteed right.

## TWELFTH AFFIRMATIVE DEFENSE

24. The First Amended Complaint should be dismissed because there is no existing case or controversy sufficient to justify a declaratory judgment action or injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

25. Upon information and belief, the evidence at trial will show that the Steuben County Defendants did not violate any Federal or State law or provision of the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims are barred on the grounds that the challenged statutory provisions are "consistent with the nation's historical tradition of firearm regulation."

## FIFTEENTH AFFIRMATIVE DEFENSE

27. Plaintiffs' injuries and/or damages, if any, were neither caused by, nor causally related to any action or omission of the Steuben County Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

28. Upon information and belief, the evidence at trial will show that the Steuben County Defendants acted appropriately and objectively reasonably; and/or that the Steuben

County Defendants did not act with deliberate indifference or wanton or intentional disregard towards Plaintiffs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

29. Pursuant to the Monell doctrine, Steuben County cannot be held liable for the acts of its employees solely on the basis of *respondeat superior* in a 42 U.S.C. § 1983 action, or a 42 U.S.C. § 1981 action and, consequently, Steuben County cannot be liable for the acts or conduct of any individual defendant herein, as a matter of law.

WHEREFORE, Defendants, Judith M. Hunter, in her official capacity as County Clerk of Steuben County and Steuben County, demand judgment dismissing Plaintiffs' First Amended Complaint together with the costs and disbursements of this action, and in the event that judgment is rendered against Defendants, Judith M. Hunter, in her official capacity as County Clerk of Steuben County and Steuben County, that such judgment be diminished in proportion to the culpable conduct of Plaintiffs, granting such other and further relief as this Court may deem just and proper, together with the cost and disbursements of the action.

Date: December 12, 2025  
Rochester, New York

UNDERBERG & KESSLER LLP

 /s/David H. Fitch  
David H. Fitch, Esq.  
*Attorneys for Defendants*  
*Judith M. Hunter, in her official capacity as*  
*County Clerk of Steuben County and*  
*Steuben County*  
300 Bausch & Lomb Place  
Rochester, New York 14604  
Tel.: (585) 258-2800  
dfitch@underbergkessler.com

To: FLUET
Nicolas J. Rotsko, Esq.
*Attorneys for Plaintiffs*
1751 Pinnacle Drive, Suite 1000
Tysons, Virginia 22102
Tel.: (706) 590-1234
nrotsko@fluet.law

All Counsel of Record via CM/ECF